Judge Robertson
delivered the opinion of the Court.
This suit is covenant, on the following writing:
“1 am to pay William Taylor of Louisville, at the rate of ‡4 per acre, for the surplus land, that is within the tracts I live on, agreeably to the deed, made by my father, David Ashby, tome; the surplus -to be hereafter, ascertained, witness my hand and seal, this 14th of August* 1821.
“FIELDING ASHBY. Seal.”
The defendant plead, that the covenant was without consideration. Issue being taken on this plea, it was proved, that William Taylor sold the land to D. Ashby, which the latter conveyed to F. Ashby; that there was a surplus of thirty-six acres, in the boundary of the deed, from David to Fielding Ashby, which was ascertained by the county surveyor, and another, and of which the defendant had notice before the suit was brought.
This being all the evidence, the court instructed the jury, that “if they believed all the evidence, they must find for the defendant;” and they found accordingly. The court rendered judgment on this verdict, and refused to grant a new trial.
The reason for giving the instruction, does not appear; and it would be useless to conjecture, what it was.
The plea, although in form, negative, is, in legal effect, affirmative. The issue therefore, devolved the ' “oms.” on the defendant; all that it was necessary, for the plaintiff to prove, he did prove. He proved that there was surplus, and how much, and that the "defendant was notified of it.
The covenant not only implies a consideration, but clearly expresses one. If it could have been shewn, that William Taylor had no interest in the surplus, nor any right to it, but that it belonged to the defend *416 ant, or some other person, the covenant to pay Taylor for it, might have been gratuitous. At least, such evidence would have beenuprimafacie” sufficient on ' the part of- the defendant.
C. S. Bibb, for plaintiff.
But he offered no testimony whatever. It was surely then, not incumbent on the plaintiff, to introduce any more evidence, of a consideration. To have done so, would have been an act of supererrogation.
As therefore, the covenant was sufficient evidence of a legal consideration, until successfully impeached by evidence, on the side of the defendant, and as he offered no such evidence, and the quantity of surplus was proved, we are at a loss to imagine any reason, why the plaintiff was not entitled to a verdict, or what else it could have been necessary for him to prove. He was entitled to a verdict.
Wherefore the judgment of the circuit court is reversed, the verdict set aside, and the cause remanded for a new trial.